IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

YVONNE C. DAY                                                                        PLAINTIFF

    v.                          Civil No. 11-3136

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Yvonne Day, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her application for DIB in July 2009, alleging an onset date of December 8, 2006, due to chronic pain, depression, and anxiety. Tr. 119-125, 154, 178-179, 180-183, 188, 192, 193, 195-196, 208, 213, 214. Plaintiff's claims were denied at both the initial and reconsideration levels. Tr. 69, 73-75, 77-78. An administrative hearing was held on August 17, 2010. Tr. 26-67. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 49 years old and possessed a high school education. Tr. 35, 160. Plaintiff had past relevant work ("PRW") experience as an auto parts deliverer, auto parts warehouse worker, and auto parts clerk. Tr. 31-33, 140-149, 155-156, 170-177.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On October 13, 2010, the ALJ found Plaintiff's early degenerative arthritic changes in the cervical spine with complaints of pain were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-16. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work. Tr. 16-19. Utilizing the Medical-Vocational Rules (the "Grids"), the ALJ determined there were jobs that exist in significant numberse in the national economy that the Plaintiff could perform. Tr. 19-20.

On November 10, 2011, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 10.

The Court has reviewed the entire record in this case, including the transcript of the administrative hearing, Plaintiff's medical records, the ALJ's opinion, and the appeal briefs filed by the parties. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v.*

*Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has

3

the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

At the onset, we point out that a non-examining consultant reviewed the medical records and found that Plaintiff's physical limitations were non-severe. The record contains no actual physical RFC assessment, and we can ascertain no medical evidence in the record to support this assessment. *See id*.; *see Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir.1990) (ALJ must not substitute his opinions for those of the physician). Yet, the ALJ concluded that Plaintiff could perform a full range of light work and applied the Grids. *See Baker v. Barnhart*, 457 F.3d 882, 894-95 (8th Cir. 2006) (generally when claimant suffers from nonexertional limitations such as pain, ALJ cannot rely on Guidelines). Therefore, remand is necessary to allow the ALJ to obtain an RFC assessment from an examining source.

The evidence reveals that Plaintiff was injured in an automobile accident in August 2002. Tr. 225-227, 230-232. Subsequently, an MRI revealed a mild disc protrusion at the C5-C6 level causing

4

partial effacement of the anterior CFS and questionable minimal displacement of adjacent cord; mild disc bulging and degenerative changes at the C6-C7 level, mild disc bulging at the L3-L4 level; ligamentous hypertrophy and facet hypertrophy at the L4-L5 and L5-S1 levels with borderline central stenosis; and, asymmetrical neuroforaminal narrowing, left greater than right, at the L5-S1 level. Tr. 229. And, she has been prescribed Tramadol to treat her chronic pain.

In 2005, Plaintiff suffered a distal radius fracture to her right wrist and underwent an open reduction and internal fixation procedure. Although she recovered satisfactorily, in March 2009, Plaintiff began experiencing pain up and down her arm and had a mass on the volar radial aspect of the wrist. Tr. 234-235. Dr. Jerryl Fullen diagnosed her with a volar radial ganglion cyst on the right wrist, a history of right colles' fracture, and possible carpal tunnel syndrome in her right wrist.

Given the chronic pain resulting from the aforementioned impairments, we can not say that substantial evidence supports the ALJ's determination that Plaintiff can perform a full range of light work. *See* 20 C.F.R. § 404.1545(a)(3) (stating that limitations resulting from pain are to be included in the RFC assessment). Remand is necessary to allow the ALJ to obtain a consultative examination. The ALJ is advised to obtain specific information concerning any limitations in lifting, reaching, repetitive use of the hands and wrists, standing, walking, climbing, squatting/stooping, bending, twisting, crawling, and balancing that might be associated with Plaintiff's back and wrist/hand pain.

## V. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of March 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)